IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DERRICK P. TAYLOR,** | : | |
| **Plaintiff,** | : | |
| VS. | : | NO. 5:21-CV-00419-TES-CHW |
| **Warden ANGELA REEVES,** *et al.*, | : | |
| **Defendants.** | : | |

## ORDER OF DISMISSAL

*Pro se* Plaintiff Derrick P. Taylor, an inmate most recently confined in the Riverbend Correctional Facility in Milledgeville, Georgia, has filed a document that has been construed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). On December 20, 2021, Plaintiff was ordered to either pay the Court's filing fee or submit a proper motion for leave to proceed *in forma pauperis*. Plaintiff was also ordered to recast his Complaint on the Court's standard form. Plaintiff was given 14 days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his Complaint. *See generally* Order, Dec. 20, 2021, ECF No. 3.

The time for compliance passed without a response from Plaintiff. As such, Plaintiff was ordered to respond and show cause why his lawsuit should not be dismissed for failing to comply with the Court's orders and instructions. Plaintiff was again given 14 days to comply, and he was again advised that the failure to timely and fully comply

with the Court's orders and instructions could result in the dismissal of this action. *See generally* Order, Jan. 27, 2022, ECF No. 4.

The time for compliance has again passed without a response from Plaintiff. Because Plaintiff has failed to comply with the Court's orders and instructions and otherwise failed to diligently prosecute his claims, this action is **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b) and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.").[1]

**SO ORDERED**, this 2nd day of March, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.